**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION - FRANKFORT**

**JUDICIAL WATCH, INC.,**

Plaintiff,

**UNITED STATES OF AMERICA**,

Proposed Plaintiff-Intervenor,

v.

**ALISON LUNDERGAN GRIMES**, et al.,

Defendants.

Civil No. 3:17-CV-94-GFVT-EBA

**UNOPPOSED MOTION TO INTERVENE**

The United States of America respectfully moves to intervene as a plaintiff in the above-captioned action. In this action, Plaintiff Judicial Watch alleges violations of Section 8 of the National Voter Registration Act (the "NVRA") against the Kentucky Secretary of State and the executive director and members of the Kentucky State Board of Elections ("Defendants"). In its proposed complaint in intervention, the United States Department of Justice, on behalf of the United States, would bring claims under Section 8 of the NVRA against proposed defendants the Commonwealth of Kentucky and the Kentucky State Board of Elections, as well as the Kentucky Secretary of State. Where the federal government's claims are based upon the NVRA, a statute enforced by the Department of Justice, and raise factual and legal questions that are already at issue in pending litigation, timely intervention by the Attorney General on behalf of the United States should be permitted.

Of particular note, the United States also intends to respectfully request the Court's approval of a proposed Agreed Order which would resolve and settle all claims in this litigation, and which all of the parties and proposed parties have already agreed to and signed. Shortly after this motion to intervene is filed, the parties and proposed parties will file a separate, joint motion to enter the proposed Agreed Order.

The United States' proposed Complaint in Intervention is attached as Exhibit 1. The original parties to the action have consented to intervention by the United States, and the proposed defendants have agreed to waive service of the summons and complaint. A proposed Order granting this motion to intervene is attached as Exhibit 2.

Accordingly, the United States respectfully requests that the Court grant this unopposed motion to intervene pursuant to Federal Rule of Civil Procedure 24(b)(2)(A) or 24(b)(1)(B).

## BACKGROUND

As part of a nationwide enforcement effort, the United States sent a letter to Kentucky on June 28, 2017, requesting information relating to the Commonwealth's compliance with the list maintenance provisions of Section 8 of the NVRA. Kentucky responded on January 24, 2018. As a result of its investigation, the United States sent a notice letter to Kentucky, advising that the Civil Rights Division had authorized a lawsuit to enforce Section 8 of the NVRA.

Judicial Watch filed its own lawsuit against Kentucky officials pursuant to Section 8 of the NVRA on November 14, 2017. This Court set a December 14, 2018 deadline for discovery and a January 25, 2019 deadline for dispositive motions.

The United States, along with all of the original and proposed parties in this litigation, have reached a settlement agreement to resolve all claims brought by the United States and by Judicial Watch under Section 8 of the NVRA.

## ARGUMENT

### I. This Court Should Permit the United States to Intervene Under Rule 24(b)(2)(A) — Permissive Intervention by a Government Agency

Federal Rule of Civil Procedure 24(b)(2)(A) states, "On timely motion, the court may permit a federal or state governmental officer or agency to intervene if a party's claim or defense is based on[] a statute or executive order administered by the officer or agency[.]" In the Sixth Circuit, "Rule 24 is broadly construed in favor of potential intervenors." *Purnell v. City of Akron*, 925 F.2d 941, 950 (6th Cir. 1991).

"The whole thrust of the amendment [to include government intervention] is in the direction of allowing intervention liberally to governmental agencies and officers seeking to speak for the public interest and . . . courts have permitted intervention accordingly." 7C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1912 (3d ed. 2018). *See also Blowers v. Lawyers Co-Op. Pub. Co.*, 527 F.2d 333, 334 (2nd Cir. 1975) (noting that a "hospitable attitude" toward government agency intervention "is appropriate"); *Nuesse v. Camp*, 385 F.2d 694, 705 (D.C. Cir. 1967) ("[Rule 24(b) as amended] considers the governmental application with a fresh and more hospitable approach."); *Smith v. Federal Housing Finance Agency*, 2013 WL 12121334, at *2 (E.D. Tenn., Jan. 22, 2013) ("Pursuant to Rule 24(b)(2)(A), 'permissive intervention is liberally granted to government officials 'when sought because an aspect of the public interest with which [the officer] is officially concerned is involved in the litigation.'" (internal citations omitted)).

Rule 24(b) provides that a motion for permissive intervention be "timely," Fed. R. Civ. P. 24(b)(1), and states that the Court must consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights," Fed. R. Civ. P. 24(b)(3). All such

factors favor granting the United States' motion for permissive intervention under Rule 24(b)(2)(A).

First, the United States' motion to intervene is timely and will not delay or impair the original parties' rights. The United States moves to intervene many months before the end of discovery and the deadline for dispositive motions. Moreover, the United States' request to intervene will not unduly delay the matter or prejudice the original parties, as all parties have already reached a settlement agreement that will resolve the claims of both plaintiffs, and all parties consent to the United States' request to intervene.

Second, the United States' enforcement interests here are strong. The United States is the governmental entity with primary responsibility for enforcing the NVRA. *See* 52 U.S.C. § 20510(a). Denying the motion to intervene would impair these enforcement interests by requiring the United States to initiate parallel litigation concerning many of the same legal and factual issues—*e.g.*, whether the Commonwealth's voter list maintenance program complies with Section 8 of the NVRA—which in turn raises the possibility of inconsistent legal rulings or overlapping remedial orders.

Third, the United States' participation will help to achieve a just and equitable resolution of the legal questions presented in this action to the benefit of all Kentucky voters and the public interest. Adjudicating Judicial Watch's and the United States' overlapping factual allegations in a single action is more likely to result in a comprehensive resolution of the underlying issues to the benefit of the voting public, and doing so will conserve scarce judicial resources, particularly in light of the negotiated resolution that all parties and proposed parties will present to the court. The United States is also able to add as a defendant the Commonwealth of Kentucky, which is subject to the NVRA's requirements. *See, e.g.*, 52 U.S.C. § 20507(a).

### II. In the Alternative, This Court Should Permit the United States to Intervene Under Rule 24(b)(1)(B)—Permissive Intervention Involving Common Questions of Law or Fact

Permissive intervention is also warranted under Federal Rule of Civil Procedure 24(b)(1)(B). The threshold requirement for such intervention, in addition to timeliness, is "a claim or defense that shares with the main action a common question of law or fact." *Id.*

Like Judicial Watch's complaint, the United States' proposed complaint in intervention alleges that the State Board of Elections has failed to conduct a general list maintenance program under NVRA Section 8(a)(4), 52 U.S.C. § 20507(a)(4), to remove voters based on change of address. *Compare* ECF No. 1, at 13 ¶ 59 *with* Proposed Compl. in Intervention, Ex. 1, at 9 ¶ 35. For example, Judicial Watch alleges that Kentucky has failed to report to the U.S. Election Assistance Commission the number of inactive registrants on its rolls and the number of "confirmation notices" that it has sent. ECF No. 1, at 6 ¶ 22, 7 ¶ 31. The United States alleges that the State Board of Elections has not used available and reliable sources of information to identify registrants who may have moved, has not mailed any forwardable notices to registrants pursuant to Section 8(d) of the NVRA since 2009, and currently has no registrants on its inactive list or in the Section 8(d) process. Proposed Compl. in Intervention, Ex. 1, at 7 ¶¶ 29-30. Accordingly, the United States' proposed complaint in intervention shares with the main action both common questions of law and common questions of fact and the United States should be permitted to intervene under Rule 24(b)(1)(B).

For the foregoing reasons, this Court should grant the United States' Unopposed Motion to Intervene pursuant to Federal Rules of Civil Procedure 24(b)(2)(A) or 24(b)(1)(B).

Respectfully submitted,

JOHN M. GORE
Acting Assistant Attorney General
Civil Rights Division

*/s/ David G. Cooper*
T. CHRISTIAN HERREN, JR.
JOHN A. RUSS, IV
DAVID G. COOPER
MICHELLE RUPP
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Ave. NW, NWB 7254
Washington, D.C. 20530
Telephone: (202) 307-2767
Facsimile: (202) 307-3961
Email: david.cooper@usdoj.gov

Date: June 12, 2018

**CERTIFICATE OF SERVICE**

I hereby certify that on June 12, 2018, a true and correct copy of the foregoing document was served via the Court's ECF system to all counsel of record.

*/s/ David G. Cooper*
David G. Cooper