IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION - FRANKFORT

| | |
|---|---|
| **JUDICIAL WATCH, INC.,**<br><br>Plaintiff,<br><br>v.<br><br>**ALISON LUNDERGAN GRIMES**, et al.,<br><br>Defendants. | Civil No. 3:17-CV-00094-GFVT |
| **UNITED STATES OF AMERICA**,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>**COMMONWEALTH OF KENTUCKY; COMMONWEALTH OF KENTUCKY STATE BOARD OF ELECTIONS;** and **KENTUCKY SECRETARY OF STATE** Alison Lundergan Grimes, in her official capacity,<br><br>Defendants. | |

## COMPLAINT IN INTERVENTION

The United States of America alleges:

1.  The Attorney General hereby files this complaint in intervention on behalf of the United States of America to enforce the provisions of the National Voter Registration Act of 1993 ("NVRA"), 52 U.S.C. § 20507.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 52 U.S.C. § 20510(a) and 28 U.S.C. §§ 1331 and 1345.

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 97(a) and 1391(b).

## PARTIES

4. Plaintiff-Intervenor United States of America seeks declaratory and injunctive relief pursuant to Section 11 of the NVRA, which authorizes the Attorney General to bring suit to enforce this federal statute. 52 U.S.C. § 20510(a).

5. Defendant Commonwealth of Kentucky is one of the States of the United States of America and is subject to the requirements of the NVRA. 52 U.S.C. §§ 20502(4), 20503, 20507.

6. Defendant Kentucky State Board of Elections is responsible for administering Kentucky's election laws and supervising the registration and purging of voters within the State. KRS § 117.015(1).

7. Defendant Kentucky Secretary of State, Alison Lundergan Grimes, is sued in her official capacity as chair of the Kentucky State Board of Elections and as the chief State election official responsible for coordinating Kentucky's responsibilities under the NVRA. *See* 52 U.S.C. § 20509; KRS § 117.015(2).

## CAUSE OF ACTION:
## SECTION 8 OF THE NATIONAL VOTER REGISTRATION ACT, 52 U.S.C. § 20507

### Voter List Maintenance Requirements under the NVRA

8. The NVRA was enacted "to establish procedures that will increase the number of eligible citizens who register to vote in elections for Federal office" while "ensur[ing] that accurate and current voter registration rolls are maintained." 52 U.S.C. § 20501(b)(1), (4).

9. Section 8 of the NVRA ("Section 8") addresses state voter list maintenance procedures for elections for federal office. 52 U.S.C. § 20507.

10. Section 8 prescribes the conditions under which registrants may be removed from voter registration lists and the procedures that must be followed before making those removals. 52 U.S.C. § 20507.

11. Programs to maintain accurate and current voter registration lists must be uniform and nondiscriminatory, and they must comply with the Voting Rights Act. 52 U.S.C. § 20507(b)(1).

12. Programs to maintain accurate and current voter registration lists may not remove registrants by reason of a registrant's failure to vote, except as provided in the procedures under Sections 8(c) and (d). 52 U.S.C. § 20507(b)(2).

13. Section 8 permits states to remove the name of a person from the voter registration lists upon the request of the registrant, and, if state law so provides, for mental incapacity or for criminal conviction. 52 U.S.C. § 20507(a)(3)(A)-(B).

14. Section 8 also requires states to conduct a general voter registration list maintenance program that makes a reasonable effort to remove persons from the voter list who have become ineligible by reason of death or a change in residence outside of the jurisdiction, in accordance with procedures set forth in the NVRA. 52 U.S.C. § 20507(a)(4).

15. Section 8 further specifies the two circumstances under which a registrant may be removed from the voter registration list because the registrant has moved to another jurisdiction. 52 U.S.C. § 20507(d)(1).

16. First, a state can remove the name of a person from the voter registration list on grounds of a change of residence based upon the registrant's written confirmation of a change of

address to a location outside of the registrar's jurisdiction.  52 U.S.C. § 20507(d)(1)(A).

17.     Second, a state can remove the name of a person from the voter registration list on grounds of a change of residence upon completion of the process set forth in Section 8(d), 52 U.S.C. § 20507(d), which allows removal if:

    (a)    The registrant fails to respond to a notice ("Section 8(d)(2) notice") which includes a postage prepaid and preaddressed return card sent by forwardable mail, on which the registrant may state his or her current address, and which contains specific instructions and information, 52 U.S.C. § 20507(d)(1)(B)(i), (d)(2), and

    (b)    The registrant then fails to vote or appear to vote during the period ending on the day after the second federal general election subsequent to the Section 8(d)(2) notice being sent.  52 U.S.C. § 20507(d)(1)(B)(ii).

18.     Section 8(f) provides that when a registrant has a change of residence to an address within the same jurisdiction, the voter registration list must be updated accordingly and the registrant's name may not be removed except as provided in Section 8(d).  52 U.S.C. § 20507(f).

19.     Section 8 also provides an example of a list maintenance program that constitutes a reasonable effort to remove registrants who have become ineligible due to a change of residence.  52 U.S.C. § 20507(c)(1).  Under this program, a state uses information from the United States Postal Service National Change of Address ("NCOA") program to identify registrants who may have changed residence.  52 U.S.C. § 20507(c)(1)(A).  Where it appears from that NCOA information that a registrant has moved to a new address in the same jurisdiction, the registration record is updated to show the new address and the registrant is sent a

notice of the change by forwardable mail that includes a postage-prepaid, pre-addressed return form by which the registrant may verify or correct the address information. 52 U.S.C. § 20507(c)(1)(B)(i). Where it appears from the NCOA information that a registrant has moved to a new address in a different jurisdiction, the procedure set out in Section 8(d) and described above is used to confirm the address change. 52 U.S.C. § 20507(c)(1)(B)(ii).

20.     Section 8 requires states to complete any program, the purpose of which is to systematically remove the names of ineligible registrants from the official list of eligible voters, not later than 90 days prior to the date of a primary election or general election for federal office. 52 U.S.C. § 20507(c)(2)(A).

### **Voter List Maintenance Procedures under Kentucky State Law**

21.     Kentucky law requires the State Board of Elections to establish a voter registration purge program using the change-of-address information supplied by the United States Postal Service through its licensees or other sources to identify registrants whose addresses may have changed. KRS § 116.112(1).

22.     If it appears that a registrant has moved within the same county, the State Board of Elections is required to provide the county board of elections with the information necessary to change the registration record. The State Board of Elections is also required to send to the new address a notice of the change by forwardable mail and a postage-prepaid, pre-addressed return form by which the registrant may verify or correct the address information. KRS § 116.112(2).

23.     If it appears that a registrant has moved to a different county or state, the State Board of Elections is required to send to the address at which the registrant was last registered,

by forwardable mail, a notice with a postage-prepaid and pre-addressed return card on which the registrant may state his or her current address. KRS § 116.112(3).

24. A registrant may not be removed from the registration records on the ground that the registrant has changed residence unless the registrant:

(a) Confirms in writing that the registrant has changed residence to a place outside the county; or

(b) Has failed to respond to the mailed notice and has not voted or appeared to vote and, if necessary, correct the registrant's address, in an election during the period beginning on the date of the notice and ending on the day after the date of the second general election for Federal office that occurs after the date of the notice.

KRS § 116.112(4).

25. As part of its list maintenance program, the State Board of Elections is required by state law to maintain an inactive list. State law provides that when the State Board sends the notices described in KRS § 116.112(3) to registrants identified as having moved to a new county or state, the registrants who do not respond to the notice and do not vote or appear to vote for two federal election cycles are maintained on an inactive list. KRS § 116.112(5). When the State Board last sent such notices in 2009, those registrants who did not respond to the notice and did not vote or appear to vote for two federal election cycles were included on an inactive list and ultimately removed from the registration list.

26. Kentucky law permits registrants on the inactive list to vote, but not to be counted for other purposes such as creating precincts or calculating the state funding provided to county clerks based on the number of registered voters in the county. KRS § 116.112(7).

27. Kentucky law requires the State Board of Elections to complete, not later than ninety days prior to the date of a primary or general election, any program the purpose of which is to systematically remove the names of ineligible voters from the registration records. KRS § 116.112(6).

28. In recent years, however, Kentucky has not implemented a general program of list maintenance that makes a reasonable effort to remove registrants who have become ineligible due to a change of residence.

29. Kentucky has not used available and reliable sources of information, such as the NCOA program, to identify registrants who may have moved.

30. Since 2009, the State Board of Elections has not mailed any forwardable notices to registrants under the change of address process contemplated by Section 8(d) of the NVRA and KRS § 116.112. The State Board of Elections has not removed registrants who have become ineligible due to an unreported change of residence, as contemplated by the procedures set out in Section 8(d) of the NVRA and KRS § 116.112, since 2015. Kentucky currently has no registrants on its inactive list or in the Section 8(d) process.

31. Biennial reports published by the U.S. Election Assistance Commission ("EAC"), based on data provided by Kentucky and other states, confirm these facts. The EAC report covering the 2015-2016 election cycle, published in June 2017, indicates that Kentucky had no inactive voters as of the conclusion of the reporting period. This and prior EAC reports confirm that the State Board of Elections has not sent Section 8(d)(2) mailings since the 2009-2010 election cycle.

32. On June 28, 2017, the United States Department of Justice sent a letter to Kentucky, requesting information relating to the Commonwealth's compliance with the list

maintenance provisions of the NVRA, including the number of confirmation notices sent during the 2013-2014 election cycle, as requested by the EAC. *See* Exhibit A. On January 24, 2018, Kentucky sent a letter to the Department of Justice responding to the request for information. In regards to the 2013-2014 EAC report, the response stated, "Kentucky did not include data regarding confirmation notices and removal for failure to vote because there is no data to report. . . . The Kentucky Legislature has not funded the initiative, nor made it mandatory, so the State Board of Elections has not done a cancellation mailing during the time frame requested."

33. The only procedures that the State Board of Elections implements to identify individuals who have changed residence, and who have not reported the change to election authorities or driver licensing authorities in Kentucky, relate to some registrants who have moved out of state. Upon receiving notice from election officials in another state that a person who moved to that state may have been registered in Kentucky, the State Board of Elections attempts to identify the person on the statewide voter registration list and, if successful, sends the registrant a notice seeking confirmation of the address change. If the registrant returns the notice and confirms that he or she has moved out of the State, the registrant is removed from the voter registration list. If the State Board does not receive a response, the registrant is not placed into the process defined in Section 8(d) of the NVRA and KRS § 116.112. Rather, no further action is taken, and the registrant remains an active registered voter in Kentucky.

34. This program results only in the removal of registrants who have (1) moved out of Kentucky, (2) moved to a state that voluntarily sends this information to Kentucky, and (3) received and affirmatively responded to a notice. This does not reach registrants who have moved to other states or moved within Kentucky without notifying election or motor vehicle authorities, or who failed to respond affirmatively to the State Board's notice.

## Violation of Section 8 of the NVRA

35. Defendants' practices do not comply with the NVRA's requirement that states conduct a general program of voter registration list maintenance that makes a reasonable effort to remove persons from the voter rolls who have become ineligible due to a change in residence outside of the jurisdiction. 52 U.S.C. § 20507(a)(4)(B).

36. Unless and until ordered to do so by this Court, the Defendants will not take timely and comprehensive actions necessary to ensure that a list maintenance program is implemented as required by Section 8 of the NVRA.

## PRAYER FOR RELIEF

WHEREFORE, the United States prays that the Court enter an ORDER:

(1) Declaring that Defendants have violated Section 8 of the NVRA;

(2) Enjoining Defendants, their agents and successors in office, and all persons acting in concert with them from future non-compliance with Section 8 of the NVRA;

(3) Requiring Defendants, their agents and successors in office, and all persons acting in concert with them, to take all steps necessary to ensure immediate and ongoing compliance with Section 8 of the NVRA; and

(4) Ordering any such additional relief as the interests of justice may require, together with the costs and disbursement in maintaining this action.

Date: June 12, 2018

Respectfully submitted,

JOHN M. GORE
Acting Assistant Attorney General
Civil Rights Division

*/s/ David G. Cooper*
T. CHRISTIAN HERREN, JR
JOHN A. RUSS IV
DAVID G. COOPER
MICHELLE RUPP
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Ave., NW, NWB-7254
Washington, D.C. 20530
Telephone: (202) 307-2767
Facsimile: (202) 307-3961
Email: david.cooper@usdoj.gov