UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION, FRANKFORT

| | | |
|---|---|---|
| JUDICIAL WATCH, INC. | ) | |
|     Plaintiff | ) | |
| UNITED STATES OF AMERICA | ) | |
|     Plaintiff Intervenor | ) | |
| | ) | |
| v. | ) | Civil No. 3:17-cv-00094-GFVT |
| | ) | |
| | ) | |
| ALISON LUNDERGAN GRIMES, et al | ) | |
|     Defendants | ) | |

## KENTUCKY DEMOCRATIC PARTY'S MOTION TO INTERVENE AND RESPONSE TO PLAINTIFF JUDICIAL WATCH'S MOTION TO ENFORCE AND MODIFY THE CONSENT JUDGMENT

\* \* \* \* \* \* \* \*

Comes the undersigned, counsel for the Kentucky Democratic Party, and hereby moves to intervene in the above captioned action pursuant to Federal Rule of Civil Procedure 24(a) as a real party in interest and a necessary party to this action, in whose absence complete relief cannot be afforded.

STATEMENT OF RELEVANT FACTS

The Kentucky Democratic Party is a beneficiary of Kentucky law regarding the duties of Defendants to maintain and provide a true and correct voter list.  KDP represents voters and the interested public across the Commonwealth of Kentucky.  A significant portion of KDP's activities involve voter engagement, voter education, and voter protection.

KDP obtains the list for political purposes, for candidates, for analysis and research, for planning purposes related to its duties.  KDP also obtains this information on behalf of voters

1

and candidates, who access that via KDP. In addition, KDP provides the data or portions thereof to state and national voter organizations for various purposes.

This Court entered a Consent Decree with the entities already parties on July 3, 2018. Due to inaction, negligence or misconduct by one or more involved parties, the terms and conditions of the Consent Decree appear not to have been met. According to the documents filed by Plaintiff herein, Kentucky law has not been followed in this matter and voter protections and rights have been placed at risk. See: Plaintiff Judicial Watch's Motion to Modify and Enforce Consent Decree, filed 10/10/19, R. 45, p. 1.

Due to misconduct or inaction by Defendants herein, KDP has been forced to file a state lawsuit in Kentucky, Franklin Circuit Court, Civil Action No. 19-CI-1043, dated 10/10/19. That suit resulted from an investigation into mishandling of voter data and unlawful actions taken by the Executive Direction and Assistant Executive Director/General Counsel for SBE, who entered incorrect information into the voter records, failed to enter correct information into the voter records, illegally moved validly registered voters to a separate and distinct "inactive voter list" and imposed disparate terms and conditions of voting upon those individuals, burdening them in a manner not supported by federal or state statute or SBE policies and procedures. It would appear that SBE, through those two individuals or otherwise, intentionally or negligently violated both the Consent Decree and earlier orders of the Franklin Circuit Court. Id. KDP has had to file a Motion for Injunctive Relief and a Demand for Temporary Restraining Order to ensure that valid registered voters are promptly returned to the Master List of voters and are, if required, identified within that list as being "inactive" only where such information is true and correct.

The unlawful or improper actions of Defendants were concealed from KDP and were only discovered in September, 2019. At that time KDP took prompt action to attempt to resolve

the issue and filed suit when it appeared that SBE was continuing to violate the Consent Decree, Kentucky law and Kentucky circuit court orders.

KDP is an interested party and is actively involved in ensuring voter information is correct and properly handled. Those matters are key to the continuing enforcement of or modification of the Consent Decree. KDP is in that category of entities protected by the NVRA, 52 U.S.C. § 20501(b) and 20507. SBE and the parties to this action have failed to comply with the terms and conditions therein, as outlined in the Consent Decree pp. 2-3. Plaintiff Judicial Watch has failed or refused to provide required oversight of the matter and has permitted illegal actions to take place under its watch. Judicial Watch specifically and intentionally details partial and incorrect facts about Kentucky voter data in its Motion, pp. 3-4, reflecting that it does not understand Kentucky voter regulations or laws or the application of federal law to such data where appropriate. The claims Judicial Watch makes at pp. 5-8 of the Motion underscore the fact that Judicial Watch has failed to engage in operation of the Consent Decree as required and that the other parties to the Consent Decree may have also failed to perform certain agreed upon duties, all of which have harmed KDP, voters and the public.

The misconduct or failure by both Plaintiffs and Defendants in this action, including the SBE which is or should be under the supervision of the parties, has resulted in direct and immediate harm to KDP and Kentucky voters. It is clear that KDP is an interested party and is currently is and will continue to be affected by any modification of the Consent Decree.

Judicial Watch misunderstands KDP's concerns and the demands in the present civil action filed by KDP. Specifically, Judicial Watch erroneously considers KDP's pleading to be a demand that voters not be placed on an inactive list. Motion, p. 10. **In fact, KDP is requesting that the law be followed but that voters be simply denoted as "inactive" in the Master List,**

**and that all information used to place a voter on an inactive list be true and correct.** This significant misreading and misunderstanding of KDP's concerns and demands underscores why KDP is a necessary party to any proposed modification of the Consent Decree and any actions taken under the Consent Decree. This Court gave the parties a significant time to act under the Consent Decree and instead the parties bickered, failed to reach agreement, failed to engage in appropriate oversight and, in the process, mishandled voter data for at least 175,000 Kentucky voters. In particular, the demand and requirement noted by Judicial Watch at p. 19 of the Motion, **that a "tag be placed on voters' computer records to allow the State to track whether they vote or update their records after being sent an 8(d)(2) notice . . . [and] to indicate whether a voter needs to affirm an address prior to voting"** has been expressly and intentionally violated by SBE. The fact that Plaintiff does not understand this or is ignoring this crucial factual information should shock this Court and the public.

The above referenced violation, in addition to the other violations found throughout the parties' handling of voter data and information and right to vote, are egregious and should be promptly addressed. Fn. 2 at p. 11 of the Motion is inaccurate, as the pleading and exhibits in 19-CI-1043 show. In fact, SBE has repeatedly mishandled data and has unlawfully physically moved valid and registered voters off the Master List, in derogation of law. Judicial Watch's lack of knowledge or lack of oversight of that unlawful behavior by the Executive Director and Assistant Executive Director/General Counsel reflect an alarming lack of diligence by Plaintiff.

The Franklin Circuit Court's orders in the 2006 case on this and related issues, *Commonwealth of Kentucky v State Board of Elections, et al,* 06-CI-000610, involved 8,000 purged voters, rather than 175,000 registered voters. In 2006, purged voters were placed on an inactive list because they could not be statutorily added to the Master List. Here, the 175,000

4

voters are already registered, and have a current right to be on the Master List under Kentucky law. SBE is imposing unlawful burdens on core Constitutional rights of registered voters in wrongful reliance on the 2006 Franklin Circuit Court Order, which is currently the subject of Kentucky litigation.

Because KDP is actively involved in assisting SBE and other parties to this action in correcting the errors in the record and the mishandling of voter data by SBE and other parties, KDP is a necessary party to this Court's modification of the Consent Decree which relates to the identical data and requirements for handling same. In the absence of KDP, complete relief cannot be had. For the foregoing reasons, KDP is a necessary intervenor in this matter.

ARGUMENT

I. KDP MEETS THE STANDARDS FOR INTERVENTION

KDP moves to intervene as a matter of right, pursuant to Federal Rule of Civil Procedure 24(a), or alternatively, under the standard for permissive intervention contained in Federal Rule of Civil Procedure 24(b). While courts have held that a motion to intervene might not be considered timely where the matters have "culminated in a consent decree." *Doe v. Sch. Bd. for Santa Rosa Cnt*v.. 264 F.R.D. 670, 688-689 (N.D. Fla. 2010), this case should be the exception to that general rule as the Consent Decree is presently being violated by all parties thereto and in particular, as the Plaintiff in the action has specifically requested modifications to that Consent Decree.

The applicable four-part test for Rule 24(a) motions requires the moving party to establish (1) that the motion was timely filed, (2) that the party has a substantial legal interest in the subject matter of the case, (3) that an interest will be impaired without intervention, and (4)

5

that the current parties are inadequately represented. *United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005); *Grutter v. Bollinger*, 188 F.3d 394, 398 (6th Cir. 1998). As the statement of facts herein show, KDP is timely filing this motion, just one working day after the Plaintiff's request to modify the Consent Decree, has a substantial interest in the matter, and that the current parties have intentionally violated the Consent Decree, failed to enforce the Consent Decree, and harmed KDP, voters and the general public as a direct result of that misconduct and inattention. KDP is clearly a vital party to any enforcement required by this Court and to ongoing voter protections.

Five factors determine whether a motion to intervene is timely: (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of its interest in the case; (4) the prejudice to the original parties due to the intervenor's failure to apply promptly for intervention after it knew or reasonably should have known of its interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention. *Stupak-Thrall v. Glickman*, 226 F.3d 467, 472-73 (6th Cir. 2000).

As noted herein, this request for intervention is clearly timely as it comes less than a month after the substantial misconduct by SBE and others was or could have been discovered by KDP, and only a day after a motion to modify the Consent Decree was made by Plaintiff. No parties will be prejudiced by the addition of KDP and KDP is clearly necessary to aid in oversight and enforcement of this Court's Orders. The parties thereto have admitted or shown on the record that they are not willing or capable of protecting the voters or following the law. KDP has shown that it is both willing and able to enforce the law and has filed closely related litigation in state court to do just that.

While no exact definition is found to determine what is or isn't a "substantial" legal interest in the subject matter of a case, a substantial legal interest is found to be one that is "significantly protectable." See *Grubbs v. Norris,* 870 F.2d 343, 346 (6th Cir. 1989). In determining whether a proposed intervenor has a substantial interest, the court must engage in a fact-specific inquiry. *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 2007). The law mandates that an "interest" for the purposes of Rule 24(a) is to be "construed liberally." *Bradley v. Milliken*, 828 F.2d 1186, 1192 (6th Cir. 1987).

The interest of KDP and the voters and the public has not been adequately represented and protected by the parties in this action. That is admitted on the face of the pending Motion to Amend. Federal Rule of Civil Procedure 24(a)(2) provides that a non-party may intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).

II. PERMISSIVE INTERVENTION IS ALSO APPROPRIATE

In the alternative, KDP requests that this Court allow permissive intervention into the matter. Federal Rule 24(b), provides that "the court may permit anyone to intervene who... has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24 (b)(1). Once the proposed intervenor establishes these two requirements, "the district court must then balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed."

*United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005). KDP is in a similar position of the Ohio Democratic Party in *Miller v. Blackwell*, 348 F.Supp.2d 916 (S.D. Ohio, 2004) which was found by the federal courts to have the right and duty to represent the voters.

CONCLUSION

For the foregoing reasons, KDP requests that this Honorable Court grant it the right to intervention in this matter.

Respectfully submitted by:

/s/ Anna Stewart Whites /s/
ANNA STEWART WHITES
PIERCE WHITES
327 Logan Street
Frankfort, KY 40601
(502) 352-2373
Fax (502) 352-6860
Annawhites@aol.com
*COUNSEL FOR MOVANT KDP*

CERTIFICATE OF SERVICE:

I hereby certify that on October 14, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of the electronic filing to all counsel of record.

/s/ Anna Stewart Whites /s/
Attorney for Intervenor