UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

JUDICIAL WATCH, INC.,

    Plaintiff,

UNITED STATES OF AMERICA,

    Plaintiff–Intervenor,

v.

ALISON LUNDERGAN GRIMES, et al.,

    Defendants.

Civil No. 3:17-cv-00094-GFVT

**PLAINTIFF JUDICIAL WATCH'S REPLY TO SECRETARY GRIMES'
RESPONSE IN OPPOSITION TO JUDICIAL WATCH'S MOTION TO STRIKE**

Kentucky Democratic Party ("KDP"), not Defendant Secretary Grimes, moved to intervene in these proceedings. ECF 46. Secretary Grimes never joined KDP's motion or otherwise filed a timely response. Rather, Secretary Grimes sat idle, while Plaintiffs Judicial Watch and United States filed their responses in opposition to KDP's motion for intervention. ECF 52 and 53. KDP then filed its reply in support, and this Court submitted the motion to chambers for review, recognizing that briefing was complete. ECF 54; ECF Notice, Nov. 6, 2019. Nearly two weeks later, without seeking leave from this Court or providing notice to the other parties, Secretary Grimes filed her reply to KDP's motion to intervene. ECF 58. In seeking the extraordinary right to have the final comment on a motion she neither filed nor joined, which had already been submitted to chambers, Secretary Grimes now twists Plaintiffs' oppositions to KDP's motion and

promotes a peculiar interpretation of E. & W.D. Ky. LR 7.1(c).  Because both arguments fail, Plaintiff Judicial Watch respectfully requests that this Court enter an order granting its Motion to Strike Secretary Grimes' Reply to KDP's Motion to Intervene.  ECF 59.

     First, Judicial Watch's response was in opposition to KDP's motion to intervene and not "*directed*" at Secretary Grimes, as she contends.  ECF 60 at 1.  Indeed, it could not be directed at her since she never filed anything.  Secretary Grimes was not the party who moved to intervene here.  Secretary Grimes erroneously assumes that statements she disagrees with were directed at her, rather than at KDP's argument in support of intervention, which is why she believes she's entitled to now respond.  *See* ECF 60 at 1-2.  This is not the proper procedure.  If Secretary Grimes truly believed there were material misstatements in any papers, she can file her own motion to strike, providing notice to the court and allowing parties to respond.[1]  Filing a surprise reply to motions that have already been briefed and are under consideration by the Court is not the correct procedure.

     Second, Secretary Grimes' novel interpretation of E. & W.D. Ky. LR 7.1(c) would lead to absurd results.  Secretary Grimes argues that Judicial Watch "cites no authority for the unusual argument that a party to a case is not permitted to respond to misstatements *directed at that party* in timely compliance with the local rules."  ECF 60 at 1 (emphasis added).  But her interpretation of the language of the rule would allow *any* party to file a reply to any motion.  By this reading of the rule, *Judicial Watch* could have filed a reply to the motion to intervene, notwithstanding that it had also filed a response to that same motion.  Certainly, this would have been improper.  But it is

---

[1]     If necessary, the Court could even hold a hearing on Secretary Grimes' own motion to strike where she could testify in person and explain the alleged misstatements by Judicial Watch and the United States.

perfectly consistent with Secretary Grimes' construction of Rule 7.1(c).

Secretary Grimes admits that she filed her reply because she "*did oppose* certain contentions in both responses [by Judicial Watch and the United States]." ECF 60 at 2 (emphasis original). As previously argued in Judicial Watch's Motion to Strike, nothing in the rules affords a party the opportunity to file an opposition to an opposition. ECF 59 at 2. Secretary Grimes' disagreement with "certain contentions" does not open the door to an improper reply brief.

For the foregoing reasons, Plaintiff Judicial Watch respectfully requests that this Court enter an order striking Secretary Grimes' Reply to Judicial Watch's and the United States' Responses in Opposition to Kentucky Democratic Party's Motion to Intervene.


December 3, 2019               Respectfully submitted,


                               s/ *Russ Nobile*
                               T. Russell Nobile*
                               Robert D. Popper*
                               Eric W. Lee*
                               JUDICIAL WATCH, INC.
                               425 Third Street, S.W.
                               Washington, D.C. 20024
                               rpopper@judicialwatch.org
                               (202) 646-5172
                               (202) 646-5199 (fax)

                               H. Christopher Coates*
                               Law Office of H. Christopher Coates
                               934 Compass Point
                               Charleston, South Carolina 29412
                               (843) 609-7080 (phone)
                               curriecoates@gmail.com

                               Mark A. Wohlander
                               mark@wohlanderlaw.com
                               WOHLANDER LAW OFFICE, PSC

3

P.O. Box 910483
Lexington, Kentucky 40591
(859) 309-1691 (office)
(859) 361-5604 (mobile)
(859) 309-1698 (fax)

Counsel for Plaintiff
\*      *Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of the electronic filing to all counsel of record.

        s/ *Russ Nobile*
        *Counsel for Plaintiff*
        *Judicial Watch Inc.*