UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| JUDICIAL WATCH, INC., )<br> )<br> Plaintiff,  )<br> )<br>UNITED STATES OF AMERICA  )<br> )<br> Plaintiff-Intervenor,  )<br>v.  )<br> )<br>ALISON LUNDEGRAN GRIMES,  )<br>*et al.*,  )<br> )<br> Defendants. | Civil No: 3:17-cv-00094-GFVT<br><br>**ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Plaintiff Judicial Watch's Motion to Strike Secretary Grimes' Reply to Judicial Watch's and the United States' Responses in opposition to Kentucky Democratic Party's Motion to Intervene. [R. 59.] Kentucky Democrat Party (KDP) filed a Motion to Intervene on October 13, 2019 which is still pending in this case. [R. 46.] Plaintiffs Judicial Watch and United States timely filed responses in opposition to KDP's motion for intervention on November 4, 2019. [R. 52; R. 52.] Subsequently, KDP timely filed its reply in support their motion to intervene on November 6, 2019. [R. 54.] Allison Grimes then proceeded to file a reply to the responses in opposition of the Motion to Intervene on November 18, 2019. [R. 58.]

It is well-settled that motions to strike are governed by Federal Rule of Civil Procedure 12(f) and are "generally disfavored." *See Fox v. Michigan State Police Dep't*, 173 F. App'x 372, 375 (6th Cir. 2006). Under Federal Rule of Civil Procedure 12(f), the

district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). This is an uncommon and "drastic remedy" that should be "resorted to only when required for the purposes of justice." *Paducah River Painting, Inc. v. McNational, Inc.*, 2011 WL 5525938, at *1 (W.D. Ky. Nov. 14, 2011) (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)). Moreover, "[t]he motion should be granted only when the pleading to be stricken has no possible relation to the controversy." *Id.* (quoting *Brown & Williamson*, 201 F.2d at 822). Motions to strike should be disfavored "because they potentially serve only to cause delay." *HCRI TRS Acquirer, LLC v. Iwer*, 708 F. Supp. 2d 687, 689 (N.D. Ohio 2010).

Plaintiff Judicial Watch argues that Secretary Grimes' reply is improper because Secretary Grimes never joined KDP's motion nor did she seek leave from this Court before filing her reply. [R.59 at 1.] However, Secretary Grimes argues that her reply is in timely compliance with the local rules. [R. 60 at 1.] Civil LR 7.1(c) requires a party opposing a motion to file a response within twenty-one days of service of the motion, then a party may file a reply within 14 days of services of the response.

Judicial Watch offers no justification for striking Secretary Grimes' reply other than the fact that the response was untimely filed and gave her the final comments on the pending motion to intervene. [*See* R. 59.] In other words, they have identified no alleged bad faith or ascertainable prejudice as a result of the late filing. In addition, the reply filed by Secretary Grimes was exactly 14 days after Plaintiffs' responses in opposition were filed, suggesting that her reply was in compliance with the local rules. Judicial Watch's argument suggests that Secretary Grimes should have filed a response to the

2

motion to intervene within the fourteen-day time period or should not had been allowed to file any response or reply at all. However, as Secretary Grimes has stated, she did not oppose the KDP's motion to intervene, but rather opposed "certain contentions in both responses" filed. Therefore, Secretary Grimes did not need to file a response to the motion to intervene since she did not oppose such a motion. Yet, Secretary Grimes does have a right to be heard by this Court in regard to her oppositions to the statements directed at her in the responses filed by Plaintiffs.

It is the preference of this court to address fully briefed motions, and decide matters on more than mere technicalities. The Court finds that striking Secretary Grimes' reply is unnecessary in this matter. Therefore, the Court, in its discretion, will **DENY** the **Motion to Strike [R. 59]** and will consider Secretary Grimes' reply to KDP's motion to intervene.

This the 3d day of January, 2020.

Gregory F. Van Tatenhove
United States District Judge