UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 3:17-cv-00094-GFVT |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | **ORDER** |
| Plaintiff-Intervenor, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ALISON LUNDEGRAN GRIMES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Kentucky Democratic Party (KDP) seeks to intervene in this action pursuant to Federal Rule of Civil Procedure 24 in order to protect Kentucky voters and their rights that have been placed at risk. [R. 46 at 6.] To that end, KDP filed a Motion to Intervene and Response to Plaintiff Judicial Watch's Motion to Enforce and Modify the Consent Judgment on October 13, 2019. [R. 46.] Plaintiffs, Judicial Watch and the United States, filed a Response [R. 52; R. 53] objecting to KDP's intervention on the grounds that it is untimely and will prejudice and unduly delay the existing parties. For the reasons that follow, the Court denies KDP's motion.

**I**

**A**

Federal Rule of Civil Procedure 24(a)(2) provides that a non-party may intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is

so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). The parties agree that the standard within the Sixth Circuit for determining whether intervention as a matter of right is proper was correctly enunciated in *Jansen v. City of Cincinnati*:

> ...the proposed intervenors [must] demonstrate that the following four criteria have been met: (1) the motion to intervene is timely; (2) the proposed intervenors have a significant legal interest in the subject matter of the pending litigation; (3) the disposition of the action may impair or impede the proposed intervenors' ability to protect their legal interest; and (4) the parties to the litigation cannot adequately protect the proposed intervenors' interest.

904 F.2d 336, 340 (6th Cir. 1990) (citing *Triax Co. v. TRW, Inc.*, 724 F.2d 1224, 1227 (6th Cir. 1984)); *see also Grutter v. Bollinger*, 188 F.3d 394 (6th Cir. 1999); Fed. R. Civ. P. 24(a). "The proposed intervenor must prove each of the four factors; failure to meet one of the criteria will require that the motion to intervene be denied." *United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005) (quoting *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989)).

1

Federal Rule of Civil Procedure 24 recognizes two forms of intervention: Intervention of Right and Permissive Intervention. The first condition to intervening under either provision is a "timely motion." The question of timeliness requires consideration of the "totality of the circumstances." *Davis v. Lifetime Capital, Inc.*, 2014 WL 1011430 (6th Cir. Mar. 18, 2014) (citing *Stupak–Thrall v. Glickman,* 226 F.3d 467, 475 (6th Cir. 2000)). The decision is not governed by an "absolute measure of time between the filing of the complaint and the motion to intervene." *Stupak-Thrall*, 226 F.3d at 475 (*citing Sierra Club v. Espy,* 18 F.3d 1202, 1205 (5th Cir. 1994)). In making the timeliness determination, the Sixth Circuit teaches that a Court

2

should consider five factors:

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*Davis*, 2014 WL 1011430 at *11 (quoting *Jansen,* 904 F.2d at 340).

Proposed Intervenors assert that their Motion is timely because the investigation and oversight efforts under the Consent Decree have failed by the existing parties involved. [R. 46 at 2.] Also, KDP implies that the Defendants' actions that put voter rights at risk were concealed from KDP and not discovered until September, 2019. [*Id.*] Both Plaintiffs oppose this notion, arguing that attempting to intervene after the Court entered a final judgment cannot be considered timely. [R. 52 at 8; R. 53 at 12.] The Court will analyze these arguments, in turn, below.

**a**

The first timeliness factor requires courts to look at the point to which the lawsuit has progressed. *Jansen*, 904 F.2d at 340. If the litigation has "made extensive progress in the district court before the appellants moved to intervene" then this factor weighs against intervention. *Stupak-Thrall*, 226 F.3d at 475. KDP's Motion to Intervene was filed almost two years after Judicial Watch filed its complaint, and about 15 months after the United States intervened and this Court entered the negotiated Consent Judgment. However, KDP argues that their request is timely since the motion was filed less than a month after the misconduct by SBE and others was or could have been discovered by KDP, and one day after the Motion to Modify the Consent Decree was filed by the Plaintiff. [R. 46 at 6.]

3

The parties in this case have already reached substantial progress, as a settlement was entered by this Court on July 3, 2018. [R. 39.] The only substantive motion pending besides the current motion is the Motion to Modify the Consent Decree. The Court has already heard oral argument on this Motion from already-existing parties. [R.68.] The Parties are continuing to work on a comprehensive plan to bring Kentucky into compliance with federal law. As Plaintiffs and Proposed Intervenors have pointed out, generally courts find that motions to intervene following a consent decree or settlements are untimely. [R. 52 at 8; R. 46 at 5.] (citing *United States v. City of Detroit*, 280 F.R.D. 312, 314 (E.D. Mich. 2012) ("denying motion to intervene in consent decree resolving constitutional violations was untimely"); *Michigan Ass'n for Retarded Citizens*, 657 F.2d at 105 ("affirming trial court's determination that motion to intervene filed after entry of consent decree resolving constitutional violations was untimely"); *United States v. Tennessee*, 260 F.3d 587, 593 (6th Cir. 2001) ("holding that intervention after a settlement agreement with the government weighed 'strongly' against intervention"); *Stotts v. Memphis Fire Dep't*, 679 F.2d 579, 584 (6th Cir. 1982) ("affirming denial of motion to intervene on ground it would prejudice the original parties by interfering with a consent decree"); *United States v. Mich*ig*an*, 115 F.R.D. 621, 623 (W.D. Mich. 1987) ("holding that entry of a consent order significantly heightens the intervenor's burden of establishing that an application is timely")). Therefore, this factor weighs strongly against allowing intervention by KDP.

**b**

The second timeliness factor looks to the purpose for which intervention is sought. *Jansen*, 904 F.2d at 340. KDP asserts that they only wish to aid in oversight and enforcement of the Consent Judgment, and thus do not wish to file a complaint or amend the Consent Decree. [R. 45 at 6.] Plaintiffs argue that KDP's role and ulterior motive is very unclear and misleading.

[R. 52 at 10.] Since Plaintiffs' main concern in dealing with this matter is for Kentucky to be in compliance with the federal law and oversee and enforce the Consent Decree already settled upon [R. 46 at 6], intervention by KDP would not accomplish such aims.

Should KDP hope, through intervention, to protect Kentucky voters and oversee that Defendants follow Kentucky laws, this forum is not the appropriate forum to seek such relief. KDP's late recognition of their interest to protect Kentucky voters' results in a delay in raising their claim and a lost opportunity to achieve a satisfactory resolution at this stage of the proceeding. *Cuyahoga Valley Ry. Co. v. Tracy*, 6 F.3d 389, 396 (6th Cir. 1993). Also, intervention by KDP could potentially lead to amending the Consent Decree. In turn, oversight and remedial changes to the Consent Decree would further delay achievement of any resolution.

The Sixth Circuit has held that courts are not faced with an all-or-nothing choice between granting or denying intervention. *City of Detroit*, 712 F.3d at 931. In some fact-specific situations, where a case is complicated, non-adversarial, and implicates public interest, some form of limited intervention may be appropriate. *Id.* at 932. Still, the Sixth Circuit recognizes that "[i]nterested parties should not be able to join at a late stage and re-litigate issues that they watched from the sidelines." *Id.* To limit Plaintiffs' discretion over any remedial or corrective decisions in any way, as Proposed Intervenors effectively ask here, could necessarily require amending the Consent Decree.

Here, even the most limited form of intervention would require disturbing the Consent Decree and having the parties re-litigate and/or re-negotiate key provisions. Therefore, KDP's stated purposes does not rise to the level requiring intervention and this factor also weighs against a finding of timely intervention.

**c**

The third factor concerns "the length of time preceding the [movants] motion to intervene, during which they knew, or should have known, of their interest in the case." *Stupak-Thrall*, 226 F.3d at 477. Actual or constructive knowledge that one's interests *might* be affected generally suffices. *See, e.g., Cuyahoga Valley Ry. Co.,* 6 F.3d at 396; *Michigan Ass'n for Retarded Citizens,* 657 F.2d at 105. Such knowledge will not suffice where the proposed intervenor had reason to believe that his interests were adequately protected by an original party. *See Stotts,* 679 F.2d at 583.

Here, Proposed Intervenors knew or should have known of their interest in protecting Kentucky voters in this case preceding their Motion. For example, their concerns should have been triggered when Judicial Watch initiated this litigation in November 2017, when the Department of Justice intervened and filed its own complaint in this suit in June 2018, or when this Court entered the Consent Judgment in July 2018. These events were public knowledge and widely reported locally and nationally, as Judicial Watch has proved. [R. 52 at 11-12.]

KDP contends that its motion to intervene was timely because it was filed "less than a month after the substantial misconduct by SBE and others was or could have been discovered, and only a day after a motion to modify the Consent Decree was made by the Plaintiff." [R. 46 at 6.] Therefore, Proposed Intervenors claim their motion is timely because they only recently learned of facts that would cause them to doubt whether their rights would be protected under the Consent Decree. [*Id*.] But the Sixth Circuit explicitly rejected this same argument in *United States v. Tennessee. See* 260 F.3d at 593-94 (holding an entity that is aware that its interests may be impaired by the outcome of the litigation is obligated to seek intervention as soon as it is reasonably apparent that it is entitled to intervene). Proposed Intervenors should have attempted

to intervene at their first opportunity -- which was when the suit was initially filed or after the Consent Decree was published -- rather than taking a wait-and-see approach. *See id.*

Moreover, the objectives of the current parties may differ in terms of the degree of remedial action desired. However, such differences could have been discovered at an earlier time when the Consent Decree was published. Even if KDP's awareness did not mature until KDP discovered differences of opinions under the Consent Decree, KDP cites no authority or evidence that it was unaware of their concerns of remedying the NVRA violation regarding list maintenance practices at the onset of this case or after the Consent Decree was published. Given that the Consent Decree involved ensuring that voter information is properly handled, "it would not have required unusual prescience on the part of the intervenors to recognize that their interests were implicated" when the decree was first proposed. *Cuyahoga Valley Ry. Co.*, 6 F.3d at 396. This factor weighs against timely intervention by KDP.

### d

The fourth timeliness factor looks to the prejudice caused by proposed intervenor's failure to promptly intervene after they knew or reasonably should have known of their interest in the case. *Jansen*, 904 F.2d at 340. The proper focus of this factor is "the prejudice caused by the *untimeliness*, not the intervention itself." *City of Detroit*, 712 F.3d at 933. Where intervention would require renewal of negotiations and a delay in implementing CERCLA remediation, the intervention would prejudice the parties' interests. *Stotts,* 679 F.2d at 584; *Michigan Ass'n for Retarded Citizens,* 657 F.2d at 105.

Proposed Intervenors argue that allowing them to intervene will not prejudice the original parties or delay the case because they are only interested in giving oversight to the Consent Decree and not comprising it. [R. 54 at 15.] But as discussed earlier, this type of intervention

Proposed Intervenors ultimately seek could have potential to amend the Consent Decree. Here, the Consent Decree has been settled for an extensive time and the parties have already presented their arguments to amend the decree in order to extend the judicial oversight already in place. As any other action and oversight might delay or halt efforts and hinder the current momentum, the Court finds that Proposed Intervenors' untimeliness would indeed prejudice the original parties to this case. *See United States v. BASF-Inmont Corp.*, 1995 U.S. App. LEXIS 9158, 1995 WL 234648, at *4 (6th Cir. 1995) ("Where intervention would require renewal of negotiations and a delay in implementing [the remediation plans], the intervention would prejudice the parties' interests."). Therefore, this fourth factor will also weigh against a finding of timeliness.

e

The final factor looks to whether there are any unusual circumstances that weigh in favor of or against granting a motion to intervene. *Jansen*, 904 F.2d at 340. KDP has failed to cite any unusual circumstances that would weigh in favor intervention.

In sum, four of the five factors discussed above weigh against a finding of timeliness. Because this finding alone would require denying the instant Motion, it is not necessary to discuss the remaining intervention factors. *See Grubbs*, 870 F.2d at 345 ("failure to meet one of the criteria will require that the motion to intervene be denied"). This finding would also mandate that the Court deny permissive intervention under Federal Rule of Civil Procedure 24(b)(1)(B). *See* Fed. R. Civ. P. 24(b)(1) (requiring a "timely" motion).

II

KDP has not satisfied the requirements to intervene as of right because it was not timely in bringing its motion. Because it has not established this necessary element, we do not analyze the other elements of intervention. *See Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245

(6th Cir. 1997). Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that Kentucky Democratic Party's Motion to Intervene [R. 46] is **DENIED.**

This the 28th day of January, 2019.

Gregory F. Van Tatenhove
United States District Judge