UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | |
|---|---|
| JUDICIAL WATCH, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff-Intervenor, ) <br> ) <br> v. ) <br> ) <br> MICHAEL ADAMS in his official capacity ) <br> as Secretary of State, *et al*, ) <br> ) <br> Defendants. ) | Case No. 3:17-cv-00094-GFVT <br><br> **ORDER** |

*** *** *** ***

This matter is before the Court on Secretary Adams's Motion for Clarification of Consent Judgment. [R. 86.] In July 2018, this Court entered a consent judgment governing Kentucky's voter registration list maintenance program. [R. 39.] The consent judgment, in part, ordered the Kentucky State Board of Elections to create a comprehensive plan, including procedures to identify registered voters who may have moved without reporting such move to election officials. *Id.* at 10. The consent judgment then referenced "reliable evidence of address changes from the Electronic Registration Information Center" as one source of information. *Id.*

Though Secretary Adams avers that ERIC is "a great resource," it becomes less effective with fewer state participants. [R. 86 at 3.] Secretary Adams therefore seeks to clarify "if the Consent Degree requires utilization of ERIC . . . if other resources may be used effectively." *Id.*

The United States posits that the consent judgment requires utilization of ERIC but proposes that the Court hold the motion to clarify in abeyance for 90 days to allow time for the parties to negotiate an addendum to the consent decree. [R. 92 at 4.] Plaintiff Judicial Watch and Secretary Adams agree with the United States's proposal to hold the motion in abeyance. [R. 93 at 3; R. 95 at 1.]

Rather than holding the motion for clarification in abeyance, the Court finds that judicial economy and the parties' resources would be best preserved by denying Secretary Adams's Motion for Clarification without prejudice. Secretary Adams may refile his motion if the parties do not reach an agreement. Accordingly, and the Court being sufficiently advised, Secretary Adams's Motion for Clarification of Consent Judgment [**R. 86**] is hereby **DENIED WITHOUT PREJUDICE**.

This the 23d day of June, 2023.

Gregory F. Van Tatenhove
United States District Judge