UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT FRANKFORT

| | |
|---|---|
| JUDICIAL WATCH, INC., ) <br> ) <br> *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> MICHAEL ADAMS in his official ) <br> capacity as Secretary of State, *et al.*, ) <br> ) <br> *Defendants*. ) | Case No. 3:17-cv-00094 <br> Hon. Gregory F. Van Tatenhove |

### THE STATE BOARD OF ELECTIONS' NOTICE OF COMPLIANCE WITH CONSENT DECREE

*"When once the notion prevails that confidence cannot be placed
in the stability of elections, their power and usefulness is destroyed."*
*Hardin v. Montgomery*, 495 S.W.3d 686, 694 (Ky. 2016)

By some estimates, "24 million voter registrations in the United States—about one in eight—are either invalid or significantly inaccurate. And about 2.75 million people are said to be registered to vote in more than one State."[1] The National Voter Registration Act (NVRA) was enacted "to establish procedures that will increase the number of eligible citizens who register to vote in elections for Federal office" while "ensur[ing] that accurate and current voter registration rolls are maintained."[2] Yet, as recently as 2018, it was alleged that Kentucky had 48 counties with registration rates exceeding 100% of their age-eligible citizens.[3] And when this litigation began, it was alleged the Commonwealth "had more registered voters

---

[1] *Husted v. A. Philip Randolph Inst.*, 584 U.S. 756, 760 (2018).
[2] 52 U.S.C. 20501(b)(1), (4).
[3] *Jud. Watch, Inc. v. Adams*, 485 F. Supp. 3d 831, 834 (E.D. Ky. 2020). Judicial Watch initially sued former Secretary of State Alison Lundergan Grimes. Michael Adams, who succeeded Ms. Grimes, was automatically substituted as a party by operation of Rule 25(d).

1

than age-eligible citizens."[4] Ultimately, the Commonwealth entered into a consent decree requiring it to clean up its rolls.[5] That decree required the State Board to improve the accuracy of voter registration records through a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of registered voters and ensure that ineligible voters are removed from the rolls consistent with the procedural safeguards set forth in the NVRA.[6]

Since the consent decree was entered, a lot has changed. The State Board of Elections has worked overtime to comply with the consent decree and to clean up Kentucky's voter rolls. This Court has itself recognized the State Board's "substantial progress" and the "many changes" made in "fulfilling [the decree's] intended goals."[7] Now, on the eve of the expiration of the consent decree on March 31, the Board reports its successes to the Court.

Consistent with the NVRA's purposes "to protect the integrity of the electoral process" and "to ensure that accurate and current voter registration rolls are maintained,"[8] the State Board of Elections has, since 2019, removed roughly 735,000 ineligible voter registrations from the voter rolls.[9] In its continuous efforts since 2019 to improve the accuracy of the voter rolls for the citizens of the Commonwealth, the Board proceeded with its standard practice of removing those voters who had died, been convicted of a felony, been declared incompetent, moved out of state, or who had duplicate registrations. In addition, in February 2023, for the first time in years, the Board purged more than 127,000 inactive voters after complying with the NVRA's notice provisions. Its second round of purging inactive voters was even more

---

[4]  *Id.* at 834.
[5]  *Jud. Watch, Inc. v. Adams*, Case No. 3:17-cv-00094-GFVT, Doc. No. 39.
[6]  Memorandum Opinion & Order [DE 85].
[7]  *Id*.
[8]  52 U.S.C.A. § 20501(b)(3), (4).
[9]  *See* Press Release, available at https://perma.cc/D96R-HEDC.

successful. In February 2025, the Board purged more than 225,000 inactive voters. The Board has also engaged with other states to meet its statutory obligations.

Kentuckians deserve clean voter rolls. State and federal law requires them. While the Board's work continues, the consent decree has served its purpose. After it expires, the Board will continue to comply with state and federal law to maintain the voter rolls in a manner that inspires confidence in Kentucky's elections and the public servants charged with the administration of Kentucky's election laws and the registration and purgation of voters.

Respectfully submitted,

/s/ Carmine G. Iaccarino
Carmine G. Iaccarino, No. 93838
Sturgill Turner Barker & Moloney, PLLC
333 W. Vine Street, Suite 1500
Lexington, KY 40507
Carmine@sturgillturner.com

and

Taylor Brown, No. 96441
State Board of Elections
140 Walnut Street
Frankfort, Kentucky 40601
TaylorA.Brown@ky.gov

*Counsel for State Board of Elections and its members*

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2025, I filed this document electronically with the Clerk of this Court using the Court's CM/ECF system, which will send notification of such filing to all parties registered to receive electronic service.

/s/ Carmine G. Iaccarino
*Counsel for the State Board of Elections*

3